Daniel, Judge.
 

 — The
 
 act
 
 of 1741
 
 (Rev. ch.
 
 35, sec. 22), declares, that if an overseer shall depart from the service of his employer before the time mentioned in his agreement or contract shall be expired, he shall for such offence forfeit his right and title to his wages or share of the produce. The plaintiff in this case did leave the service of the defendant about fifteen days before the end of the year, during which he had contracted to act as overseer. But it was stipulated by the parties to the agreement, that the plaintiff might leave the defendant’s employ, or the defendant might discharge the plaintiff, when either of them saw proper to do so; therefore the forfeiture under the act of 1741, was not incurred by the plaintiff’s leaving] the defendant’s farm before the expiration of the year, j The forfeiture seems to have been guarded against by the very terms of the contract. The case does not state what]
 
 *437
 
 was to be the effect, provided the overseer left the farm before the expiration of the year: it is obscure on this point. We do not, however, discover any understanding between the parties that the overseer should abandon or relinquish his claim for services in that event. We are induced to construe the contract (as we gather it from the case) to be, that the overseer might leave the farm, or his employer might discharge him, at any time during the year, upon a
 
 pro rata
 
 satisfaction for the time he should continue. A different construction would have enabled the defendant to discharge the plaintiff when the principal part of the labour was over, and so rescind the express contract, and avoid any liability under it, which would be manifestly unjust.
 

 The second objection taken to the plaintiff’s recovery, viz., that the contract was made by the defendant with the plaintiff jointly with Duncan M'Rae, the other overseer, or with them as partners, has not a particle of evidence to' support it; and the Judge was authorised to inform the jury in his charge, that there was no evidence in the case upon that point. The judgment must be affirmed.
 

 Per Curiam. Judgment affirmed.